UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| KIMBERLY ANN SINGLETARY | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-6297-SS |
| HOT ENERGY SERVICES, INC., et al | |

### ORDER

DEFENDANTS' MOTION TO STRIKE WITNESS AND EXHIBIT LISTS (Rec. doc. 14)

**GRANTED IN PART AND DENIED IN PART**

On August 28, 2009, the plaintiff, Kimberly Ann Singletary ("Singletary"), filed a petition in state court for sexual harassment and retaliation against her former employer, HOT Energy Services, Inc. ("HES"), and Zack Giroir ("Giroir"). Rec. doc. 1 (Attachment). The defendants removed the case to federal court. Rec. doc. 1. The parties consented to trial before a Magistrate Judge. Rec. doc. 5. The discovery deadline is April 2, 2010, the pretrial conference is set for June 3, 2010, and the trial is set for June 28, 2010. Rec. doc. 7.

Pursuant to the scheduling order, the parties were required to file witness and exhibit lists on March 4, 2010. Rec. doc. 7. The defendants' lists were timely. Rec. docs. 10 and 11. Singletary did not file her lists until March 18, 2010. Rec. doc. 12. She did not obtain an extension of the deadline. On March 19, 2010, the defendants moved to strike her lists. Rec. doc. 14.

Singletary responds that she anticipated settling the case. Her counsel states that he "let his guard down on the witness/exhibit list deadline mainly because of a good faith effort to settle the case early." Rec. doc. 16 at 1. Singletary reports that the persons and exhibits identified on the lists were identified in the initial disclosures "by general reference to the employers, customers, and

vendors of the company, but not by specific name." Id. at 3. She contends that: (a) the defendants never served interrogatories requesting the names of witnesses; (b) Jody Lapeyrouse and Todd Lapeyrouse are independent witnesses, who are HES customers; (c) the only witness not identified in the initial disclosures is a psychotherapist, Billy Sue Wallis; (d) there is sufficient time to depose Wallis before the trial; and (e) defendants are not prejudiced by the late filing. Id. at 3.

The issue raised is similar to when a party seeks leave to amend pleadings after a deadline in a scheduling order has expired. In those circumstances, there must be good cause to modify the scheduling order. S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003)(citing Fed. R. Civ. P. 16(b)). Four factors are considered to determine the presence of good cause.

1. The explanation for the delay.

Singletary's explanation for the failure to file the witness and exhibit lists on time or seek an extension of the deadline is inadequate. Settlement is encouraged, but the case must be prepared for trial after the issuance of the scheduling order.

2. The importance of the pleading.

The witness and exhibit lists are important to Singletary. If they are struck, she will be limited in the evidence she can present at the trial.

3. Potential prejudice in allowing the late filing.

There is prejudice to the defendants in allowing the lists to be filed after the deadline because of the inability of the defendants to comply with the remaining deadlines.

4. The availability of a continuance to cure such prejudice.

The case will be tried on June 28, 2010. A continuance is not available.

* * *

Singletary will not be permitted to use witnesses or exhibits that were not identified or made available to the defendant prior to the deadline for the witness and exhibit lists. If, prior to the deadline, a witness was identified in the initial disclosures or even informally, the witness will be permitted to testify. There is agreement that the psychotherapist was not identified until after the deadline. The psychotherapist will not be permitted to testify. Singletary will not be prejudiced as she can describe the treatment she has sought since her termination. The defendants may move to strike any witness and exhibit which were not disclosed prior to the deadline for witness and exhibit lists.

IT IS ORDERED that the defendants' motion to strike witness and exhibit lists (Rec. doc. 14) is GRANTED in PART and DENIED in PART.

New Orleans, Louisiana, this _1st___ day of April, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**

Q:\Employment Claims\2009\09-6297.02.wpd