UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| KIMBERLY ANN SINGLETARY | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-6297-SS |
| HOT ENERGY SERVICES, INC., et al | |

## ORDER

PLAINTIFF'S MOTION FOR A NEW SCHEDULING ORDER (Rec. doc. 31)

**DENIED**

PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Rec. doc. 20)

**DENIED**

DEFENDANTS' SUPPLEMENTAL MOTION TO STRIKE WITNESS AND EXHIBIT LISTS (Rec. doc. 22)

**GRANTED IN PART AND DENIED IN PART**

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Rec. doc. 26)

**GRANTED AS TO GIROIR**

The following motions are pending: (1) the motion of the plaintiff, Kimberly Ann Singletary ("Singletary"), for a new scheduling order; (2) her motion for leave to amend; (3) the supplemental motion of the defendants, HOT Energy Services, Inc. ("HES") and Zack Giroir ("Giroir"), to strike witness and exhibit lists; and (4) the defendants' motion for summary judgment.

## PROCEDURAL BACKGROUND

On August 28, 2009, Singletary filed a petition in state court for sexual harassment and retaliation against HES, her former employer, and Giroir, her supervisor at HES. Rec. doc. 1

(Attachment). The petition was removed to federal court. Id. The parties consented to trial before a Magistrate Judge. Rec. doc. 5. On October 26, 2009, a scheduling order was issued with the following dates:

| | |
|---|---|
| January 22, 2010 | Deadline for amending pleadings. |
| February 3, 2010 | Reports of Singletary's experts. |
| March 4, 2010 | Witness and exhibit lists and reports of defendants' experts. |
| April 2, 2010 | Deadline for completion of discovery. |
| April 23, 2010 | Deadline for dispositive motions. |
| June 3, 2010 | Pretrial conference. |
| June 28, 2010 | Trial. |

Rec. doc. 7.

On March 4, 2010, the defendants filed witness and exhibit lists. Rec. docs. 10 and 11. Singletary did not do so until March 18, 2010. Rec. doc. 12. The defendants responded with a motion to strike which was granted in part. The order stated:

> Singletary will not be permitted to use witnesses or exhibits that were not identified or made available to the defendant prior to the deadline for the witness and exhibit lists. If, prior to the deadline, a witness was identified in the initial disclosures or even informally, the witness will be permitted to testify. . . . The defendants may move to strike any witness and exhibit which were not disclosed prior to the deadline for witness and exhibit lists.

Rec. doc. 18 at 3.

On April 22, 2010, Singletary filed for leave to amend to add state claims. Rec. doc. 20. The defendants contend the amendment is futile. Rec. doc. 28.

On April 23, 2010, the defendants filed a supplemental motion to strike witnesses and exhibits which were not identified formally or informally prior to the March 4, 2010 deadline. Rec.

2

doc. 22. The motion is opposed. Rec. doc. 30.

Also, on April 23, 2010, the defendants filed a motion for summary judgment. Rec. docs. 23 and 26. The motion is opposed. Rec. doc. 32.

There was a telephone status conference on May 3, 2010. The court reported a conflict with the trial date. It was reset for September 14, 2010. Singletary requested a new scheduling order, but the defendants objected. The parties were ordered to file memoranda on the issue of the new scheduling order. Rec. doc. 29.

## **REQUEST FOR NEW SCHEDULING ORDER**

Singletary urges that a new scheduling order: (1) will allow the parties to depose witnesses and avoid prejudice at the trial; (2) will allow them to streamline their witnesses to eliminate repetitive testimony; (3) will permit her to conduct further discovery which may permit her to eliminate witnesses; (4) will be in the interest of judicial economy; and (5) will not prejudice the defendants. Rec. doc. 31. The defendants disagree and contend that: (1) Singletary cannot explain her failure to comply with the scheduling order; and (2) they will be prejudiced by a new scheduling order.

Pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The presence of good cause may be resolved by consideration of four factors: (1) the explanation for the delay; (2) the importance the discovery sought by the plaintiffs; (3) the prejudice to the defendants; and (4) the availability of a continuance or other relief to mitigate the prejudice. See also S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).

Singletary does not present any explanation for the delay in completing the discovery within

the time permitted by the scheduling order. In her opposition to the first motion to strike, she reported that she anticipated settling the case, so she missed the witness and exhibit list deadline. Rec. doc. 16. This explanation was inadequate. Rec. doc. 18. She has not presented anything to change that conclusion. She does not demonstrate the importance of the additional discovery. This matter will be tried without a jury. Rec. docs. 29 and 33. Any issues about repetitive testimony and duplicative testimony may be addressed at the pretrial conference and trial.

In these circumstances a party may confront two types of prejudice. If a party is permitted to modify the scheduling order to conduct additional discovery or an add an expert, there may not be sufficient time before the trial for the opposing party to conduct discovery prompted by the additional discovery or to secure a rebuttal expert report. A continuance of the trial might resolve these issues, but there is also the cost to the opposing party to engage in the additional discovery. A continuance does not eliminate these costs. The defendants urge that they will incur additional costs to defend themselves if a new scheduling order is issued.

Measured by the absence of any explanation for the delay, the failure to demonstrate the importance of the discovery and the prejudice to the defendants, Singletary has not demonstrated good cause for a new scheduling order.

## **MOTION FOR LEAVE TO AMEND**

In her petition for damages Singletary alleged that: (1) beginning on November 21, 2007, Giroir sexually harassed her at their place of employment; (2) after she complained, she was terminated on December 4, 2007; (3) the EEOC issued a right to sue letter; (4) in violation of Title VII she was discriminated against on account of her gender and in retaliation for protesting the situation; and (5) the defendants are jointly liable to her. Rec. doc. 1 (Attachment). The proposed

4

amendment claims that the defendants are liable to her: (1) for invasion of her privacy; (2) for damages under La. Civil Code Art. 2315; (3) for damages under Article 2316 for negligence; (4) under Article 2317 for the damages caused by persons for whom they are answerable; and (5) under Article 2320 for the damages caused by persons in their employ. She also contends that HES is liable to her because: (1) it knew or should have known of Giroir's workplace sexual harassment; and (2) it wrongfully terminated her. Rec. doc. 20 (Attachment).

Singletary reports that Giroir testified in his deposition that: (1) he did not inform his superiors that he placed a camera under her desk until after she was fired; and (2) she was given a raise of about $1.00 per hour one or two weeks before the discovery of the camera. She contends that: (1) she did not learn of these facts until Giroir's deposition; (2) the defendants will not be prejudiced because she will not be adding new parties; (3) if the state law claims are not added, Giroir will be dismissed because he cannot be liable under Title VII; and (4) without him as a defendant, HES may be shielded from liability because he did not report the camera to HES before Singletary was fired. Rec. doc. 20. The defendants contend that the amendment is futile.

A district court is properly within its discretion to deny a motion for leave to amend if the amendment is futile. Stripling v. Jordan Production Company, L.L.C., 234 F.3d 863, 873 (5th Cir. 2000). An amendment is futile where the amended complaint fails to state a claim upon which relief can be granted. Id. To determine futility, the district court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (quoting Shane v. Fauver, 213 F.3d 113, 115 (3rd Cir. 2000).

> The question therefore is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 873 (Citations, quotation marks and brackets omitted).

Individuals who do not otherwise qualify as "employers" cannot be held individually liable under Title VII. Grant v. Lone Star Company, 21 F.3d 649 (5th Cir. 1994). Inasmuch as the only claim in the original petition is an alleged violation of Title VII, Giroir cannot be a defendant. Singletary seeks to remedy this problem by asserting state law claims against him. As demonstrated by the defendants, all of Singletary's proposed state law claims are subject to a one-year liberative prescription. See La. Civil Code Art. 3492 ("[d]elictual actions are subject to a liberative prescription of one year"). Singletary's tort actions were prescribed by December 4, 2008, the first anniversary of her termination. She did not file suit until August 28, 2009. Singletary's proposed amendment is futile. Her motion for leave to amend will be denied.

### SUPPLEMENTAL MOTION TO STRIKE WITNESSES

The April 1, 2010 discovery order provided that "[t]he defendant may move to strike any witness and exhibit which were not disclosed prior to the deadline for witness and exhibit lists." Rec. doc. 18 at 3. In their supplemental motion, the defendants move to strike:

1. Hot Energy customers.

2. Hot Energy business vendors and business associates.

3. Baby Oil.

4. Bourg Marine/Donald Bourg.

5. Todd Lapeyrouse.

6

   6.  Lola Pippin.

   7.  Patricia Hamerick.

   8.  Bob Hebert.

Fed. R. Civ. P. 26(a)(1)(A) requires that a party provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information. . . ." The reference to Hot Energy customers, vendors and business associates does not comply with the minimal requirement for identification of witnesses found in Rule 26. The defendants' motion to strike them is granted.

  The only individual identified on Singletary's initial disclosures other than herself is Giroir. Singletary contends that Baby Oil, Bourg Marine, Donald Bourg and Todd Lapeyrouse were informally identified in the initial disclosures by reference to Hot Energy customers and vendors. This was not sufficient to informally identify them to the defendants. Singletary contends that Pippin and Hamerick were the recipients or senders of e-mails that she wishes to introduce at trial. She does not demonstrate that they were formally or informally identified to the defendants by the deadline for filing the witness list. She has no opposition to striking Bob Hebert. The defendants' supplemental motion to strike is granted as to all eight listed witnesses.

  The defendants contend that Singletary provided general descriptions of her exhibits. They seek to reserve the right to object to any exhibits that are not reasonably encompassed in her initial disclosures. They contend her damage exhibits should be struck because she did not identify any such exhibits in her initial disclosures or in response to discovery. The defendants' motion to strike is denied as to Singletary's exhibits. Any issue concerning the admissibility of exhibits will be addressed after the pretrial conference and the submission of bench books.

## MOTION FOR SUMMARY JUDGMENT

In their motion for summary judgment, the defendants seek the dismissal of Giroir. For the reasons described above, the motion is granted as to Giroir. A separate order will be issued on the remaining issues raised by the defendants' motion for summary judgment.

IT IS ORDERED that: (1) Singletary's motion for new scheduling order (Rec. doc. 31) is DENIED; (2) her motion for leave to amend (Rec. doc. 20) is DENIED; (3) the defendant's supplemental motion to strike witnesses and exhibits (Rec. doc. 22) is GRANTED in PART and DENIED in PART as provided herein; and (4) the defendants' motion for summary judgment (Rec. doc. 26) is GRANTED only as to Giroir.

New Orleans, Louisiana, this 13th day of May, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**